tion of the Code; but if the circumstances were that its other parent had ample means to take care of the child and did do so, I do not believe that the deserting parent would be liable under this section, and the dicta of the court in the case cited by counsel is obiter, and was not necessarily given in the decision of the case cited.

For the reason stated, the motion of the defendant's counsel is granted, and the indictment is dismissed.

---

### In re VALENTINE'S ESTATE.

(Surrogate's Court, New York County.   December 17, 1914.)

TAXATION (§ 895*)—TRANSFER TAXES—JURISDICTION—STATUTORY PROVISIONS.
The surrogate must assess a transfer tax in accordance with Tax Law (Consol. Laws, c. 60) § 230, which provides that on the happening of a contingency mentioned in the will the surrogate may, on the application of an interested party, modify the order fixing the tax, so as to make it conform to the actual devolution of the property and section 231, providing that from the report of the appraiser and other proof the surrogate shall determine the cash value of all estates and taxes to which the same are liable, and must assess a tax without considering contingencies which may never arise, notwithstanding section 241, prescribing the duties of the state comptroller as to tax paid at the highest rate, which does not extend the jurisdiction of the surrogate as a taxing officer.
[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1714–1721; Dec. Dig. § 895.*]

Proceedings for the assessment of a transfer tax on the estate of Jeanie A. Valentine, deceased.   Tax assessed.

Jones, Bleecker & Tuckerman, for executors.
Edward F. Boyle, of New York City, for state comptroller.

FOWLER, S.   One part of the order submitted herein provides for the assessment of the transfer tax in accordance with the decision of the Court of Appeals in the Matter of Zborowski, 107 N. E. 44.   At the end of that part of the order is a paragraph which orders that:

"The total amount of the tax to which all the said transfers would be liable if the interests in remainder had vested in possession on the date of the appraisal thereof is $3,289.79."

It seems to be assumed that the surrogate is empowered to determine what may be due to the state in certain contingencies which may never arise, or to guess at the most remote probabilities by some method of variations such as those considered by actuaries on mathematical principles.   I can find no warrant in the law for such a procedure on the part of the surrogate.   I doubt if a judicial officer could be compelled to decide such abstractions.   The jurisdiction of the surrogate to assess a transfer tax is derived from section 231 of the Tax Law. That section provides that from the report of the appraiser and other proof relating to an estate the surrogate shall determine the cash value of all estates and the tax to which the same *are* liable.   The surrogate must assess the tax in accordance with the provisions of the statute,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and, having made the assessment, he has no authority to determine what the tax would be upon the transpiring of certain events or the happening of certain contingencies.

Section 230 provides that upon the happening of the contingency mentioned in the will the surrogate may, upon the application of an interested party, modify the order fixing tax so as to make it conform to the actual devolution of the property. Section 241 prescribes the duties of the state comptroller in regard to tax paid at the highest rate, but it does not extend the jurisdiction of the surrogate as a taxing officer. It would appear, therefore, that the surrogate must assess the tax in the manner prescribed by the Tax Law, and that he has no jurisdiction to determine what the tax would be if the property vested at a particular time or passed upon the happening of certain contingencies.

I cannot, therefore, include in the taxing order the last paragraph of the proposed order.